**Dennis P. VIERS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 39851.**

Missouri Court of Appeals, Western District.

June 21, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 2, 1988.

Application to Transfer Denied Sept. 13, 1988.

Lew Kollias, Columbia, for movant-appellant.

John L. Patton, Asst. Pros. Atty., Columbia, for respondent.

Before MANFORD, P.J., and TURNAGE, and COVINGTON, JJ.

MANFORD, Presiding Judge.

This is a direct appeal from the denial of post-conviction relief sought pursuant to Rule 27.26.  The judgment is affirmed.

Movant presents a sole point which, in summary, charges that the hearing court erred in denying him post-conviction relief because the court concluded that he was not entitled to jail time credit on a driving while intoxicated conviction (second offense) due to being on bond although he was in actual custody.

In this post-conviction proceeding, movant seeks credit for jail time or more correctly, he stated that he seeks "double credit" for jail time.  The facts are not in dispute so they may be summarized.

Movant has a prior conviction for manslaughter for which he was sentenced to seven years.  He was paroled on the manslaughter charge, and one condition of his parole was that he not consume intoxicants.  On June 17, 1985, while on parole, movant was charged with driving while intoxicated, second offense, and the failure to drive on the right side of the roadway.  Movant posted bond on this charge and was at liberty.  On July 2, 1985, movant turned himself into authorities upon learning of a warrant having been issued for parole violation.  Movant took no action regarding the surrender of his bond on the June 17, 1985 offense.

Movant served 228 days in the Boone County jail awaiting trial by jury on the June 17, 1985 offense.  He was convicted of this offense, and a sentence of one year consecutive to his sentence for the manslaughter conviction was imposed.  There is no dispute that the 228 days applied to his manslaughter conviction.

**618**

Movant filed this Rule 27.26 proceeding, seeking credit for the 228 days to be applicable to his conviction for driving while intoxicated, second offense. At the evidentiary hearing, movant advised the court that he did not surrender his bond on the driving while intoxicated, second offense, charge because he did not know what to do and was not aware that he needed to surrender the bond.

Movant's parole officer testified that he caused a warrant to issue on movant solely upon the fact that movant was arrested for driving while intoxicated and such offense violated movant's parole.

The hearing court entered findings of fact, conclusions of law, and its judgment denying relief upon movant's failure to surrender his bond pending disposition of the driving while intoxicated charge. This appeal followed.

Reduced to its simplest format, movant's argument asserts that since he was in custody pending the disposition of the driving while intoxicated offense, he was entitled to the 228 days jail time credit.

The record discloses that movant was convicted by a jury of driving while intoxicated, second offense, and upon that verdict, a sentence of one year consecutive to his sentence for manslaughter was imposed by the trial court.

As noted above, what movant really seeks is "double jail time credit." There is no dispute that the 228 days is a time credit applicable to his manslaughter conviction. Movant seeks to have this same period applied to his one year sentence for the driving while intoxicated, second offense, conviction as well.

The reason for movant's incarceration for the 228 days was his violation of parole for his manslaughter conviction, and his incarceration was in no way related to the driving while intoxicated, second offense, charge or conviction. Movant would have been at liberty, except for his parole violation, due to his having made bond on the driving while intoxicated, second offense, charge.

Movant tries to persuade this court that he is entitled to the "double jail time credit" by asserting that since he was in actual custody, his bond was of no effect. As novel and innovating as his argument might seem, it chooses to ignore the real and truthful reason for his incarceration, to wit: movant's violation of his parole.

This case does not involve the lodging of a detainer, nor is the manslaughter conviction or the driving while intoxicated, second offense, conviction in any manner related by time or events.

This matter is disposed of by language found in § 558.031.1, RSMo 1986, which declares: "Time required by law to be credited upon some other sentence shall be applied to that sentence alone." It is true that this statute then sets forth certain exceptions to this declaration, but the particular facts and circumstances of the instant case do not bring it within any of the exceptions.

Movant was not entitled to jail time credit on his conviction for driving while intoxicated, second offense, even if he had surrendered his bond. Section 558.031.1 makes that quite clear.

The judgment of the hearing court was not clearly erroneous and is in all respects affirmed.

All concur.