**Michael Lee WILSON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 17191.**

Missouri Court of Appeals, Southern District, Division One.

July 26, 1991.

Marcie W. Bower, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Presiding Judge.

Movant plead guilty to stealing over $150, a "class C felony." § 570.030, RSMo 1986. The trial court initially suspended imposition of sentence and placed him on supervised probation for five years. On January 12, 1990 the trial court revoked his probation and sentenced him to five years' imprisonment.

Thereafter, movant filed a motion for postconviction relief under Rule 24.035 stating that the five year sentence was excessive. Following an evidentiary hearing, the trial court made findings of fact and conclusions of law and entered judgment denying the motion. Movant appeals.

On appeal movant presents two points relied on. His first point states that the trial court erred in finding that his postconviction motion was untimely filed because he filed it within 90 days after he was delivered to the Department of Corrections. See Rule 24.035(b). Although noting that the motion was untimely filed, the trial court determined the motion on its merits, finding that the sentence was within the range of punishment and not excessive. § 558.011, RSMo 1986 (since amended, see RSMo.Supp.1990). Therefore, whether the

trial court was erroneous in its statement that the motion was untimely is irrelevant.

Movant's second point states that the court erred in not granting his motion as his sentence was excessive because the trial court did not credit him with all jail time served before his plea. See § 558.031, RSMo 1986 (since amended, see RSMo. Supp.1990).

■ This contention was not raised in movant's motion. Postconviction relief claims not raised in the trial court cannot be reviewed on appeal. *State v. Berry*, 798 S.W.2d 491, 495 (Mo.App.1990); *Bockover v. State*, 794 S.W.2d 334, 339 (Mo.App. 1990).

■ Nevertheless, movant contends that he testified regarding his jail time and it should be considered, even if not timely raised, under "plain error." See Rule 30.-20. The testimony movant refers to is as follows:

Q. [Movant's trial attorney] Were you given credit for any time that you served in custody before you were actually released on to probation?

A. [Movant] No.

Q. And how long a period of time was that, approximately?

A. Ten months.

Q. And that ten months was served after you were already granted probation but before you were released from custody; is that correct?

A. That ten months was served when I was given the SIS and sent back to finish the remainder of my four years; and upon release, instead of having five years probation, I only had four years and two months left because ten months of that time ran while I was in Fulton.

We interpret this testimony to be that movant was incarcerated for another offense and the ten months sought was after the suspended imposition of sentence and probation but before he finished his term on the previous conviction. The sentence in question for stealing originated with a complaint filed against movant on February 22, 1988. He entered a plea of guilty and imposition of sentence was suspended and he was placed on probation on May 7, 1988.

Movant had the burden of proof on his motion. Rule 24.035(h). He has failed to show that he was being held in jail on the stealing charge and the contrary appears. Appellate review is to determine if the trial court's determination is clearly erroneous. Rule 24.035(j). We conclude that it was not.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.