**STATE ex rel. Michael Herbert SINGH, Petitioner,**

v.

**James PURKETT, Supt., Farmington Correctional Center, Respondent.**

No. 73897.

Supreme Court of Missouri, En Banc.

Feb. 25, 1992.

Laura Higgins Tyler, Kansas City, for petitioner.

William L. Webster, Atty. Gen., Christine A. Alsop, Asst. Atty. Gen., Jefferson City, for respondent.

COVINGTON, Judge.

Petitioner, Michael Herbert Singh, seeks by habeas corpus to effect his discharge from the custody of respondent. Petitioner ordered discharged.

On September 2, 1977, petitioner was sentenced in the Circuit Court of Greene County to ten years in the Missouri Department of Corrections after having been con-victed by a jury of manslaughter. The Greene County Sheriff endorsed 345 days for time spent prior to conviction and sentence and four days for time spent prior to delivery to the Missouri Department of Corrections as credit toward service of petitioner's sentence. Corrections received petitioner on September 7, 1977. On September 23, 1981, Corrections transferred petitioner to the Kansas City Honor Center. On May 24, 1982, petitioner left the facility to seek employment and failed to return. The following day, the Platte County Sheriff took petitioner into custody and charged him with the offense of capital murder. Petitioner was in the custody of the Platte County, Jackson County or Johnson County sheriffs or in the Fulton State Hospital awaiting trial on the murder charge from May 25, 1982, until October 9, 1985, during which time petitioner was under detainer from the Department of Corrections. On October 9, 1985, petitioner was found not guilty of the 1982 murder by reason of mental disease or defect excluding responsibility. On the same date the Circuit Court of Johnson County committed petitioner to the Department of Mental Health. Petitioner was subsequently returned to the Fulton State Hospital. Petitioner remained there until October 15, 1990, when he was conditionally released to the Missouri Department of Corrections to serve any balance of the sentence imposed September 2, 1977. On June 10, 1991, petitioner petitioned this Court for a writ of habeas corpus asserting that the 1977 manslaughter sentence should be credited with the time petitioner spent in custody between May 24, 1982, and October 15, 1990. This Court sustained the petition for writ of habeas corpus.

It is necessary to address only one of the four grounds petitioner asserts in support of his claim that his detention is unlawful. Petitioner's contention that he is entitled to credit for the time he spent at Fulton State Hospital from October 9, 1985, to October 15, 1990, pursuant to § 552.050.2, RSMo 1986, is correct and dispositive.[1]

---

1. Respondent contends that petitioner's writ should be quashed since petitioner failed to file

The question is whether § 552.050.2 applies to petitioner. Section 552.050.2 states:

When a prisoner needs care in a mental hospital and is committed or transferred to a state mental hospital, the time spent at the mental hospital shall be calculated as a part of the sentence imposed upon him whether the sentence is an indeterminate one or for a definite period of time. The time spent at the mental hospital shall be deducted from the term of the sentence.

Petitioner was committed to the hospital pursuant to § 552.040.2, RSMo 1986, having been found not guilty of the 1982 murder by reason of mental disease or defect excluding responsibility.

Respondent contends that § 552.050.2 does not apply to petitioner. Respondent asserts that the application of § 552.050.2 is limited exclusively to actions taken by the Department of Corrections under the immediately preceding statutory section, § 552.050.1, RSMo 1986, pursuant to which a person in charge of a correctional institution may transfer and seek to have detained and treated involuntarily an offender whom the chief administrative officer of any correctional facility has reasonable cause to believe needs care in a mental hospital.

Contrary to respondent's assertions, § 552.050.2 draws no distinction between those committed to the state mental health facility as a consequence of having been acquitted by reason of mental disease or defect excluding responsibility and those committed or transferred from a correctional facility. The language of § 552.-050.2 does not support respondent's claim. Petitioner, a prisoner under the manslaughter sentence and under detainer at the time of the disposition of the 1982 charge, is a "prisoner" under § 552.050.2.

Respondent further attempts to exclude § 552.040.2 from application of § 552.050.2 by contending that a commitment under § 552.040.2 is "voluntary" when a plea is entered, while § 552.050.1 provides for involuntary commitment. Respondent is not correct. Section 552.040.2 makes no distinction between commitment after a plea or after a trial, and, in any case, the commitment is made after factual findings and legal conclusions and not as a consequence of the offender's "voluntary" election.

Respondent finally argues that commitment under § 552.040.2 is intended as "rehabilitative," not penal. The gist of the argument seems to be that the mental health commitment should not be credited against the manslaughter sentence, which is penal. Logic would seem to compel a contrary conclusion. In any event, the distinction is false. The purpose of the commitment under both § 552.040 and § 552.-050 is to provide care and treatment. *See* §§ 552.040.2, 552.050.1.

This Court holds that § 552.050.2 applies to the commitment of petitioner. Petitioner is entitled to have credited against his sentence the time spent at the Fulton State Hospital from October 9, 1985, to October 15, 1990. Since petitioner spent approximately four years and nine months in the Missouri Department of Corrections between September 2, 1977, and May 24, 1982, and has spent a period in excess of one year, from October 15, 1990, to the present, the credit entitles petitioner to discharge.

---

a reply to respondent's return refuting respondent's prima facie showing that petitioner's ten year term of imprisonment was not fully served. Respondent is incorrect. Although a reply is of assistance to clarify the facts and issues in a habeas corpus proceeding, it is not required. *Rule 91.12.* While the facts presented in the return are taken as correct, the question remains "'whether, under such facts, the restraint is authorized as a matter of law.'" *Ockel v. Riley,* 541 S.W.2d 535, 536 (Mo. banc 1976) (quoting *Ryan v. Wyrick,* 518 S.W.2d 89, 91 (Mo.App.1974)). In the return respondent al-

leged that petitioner was "sentenced and committed to the custody of the Department of Corrections" on September 2, 1977, to serve a ten year sentence. The return shows that petitioner remains incarcerated, his sentence not having been fully served. The return does not reflect the legal authority under which Corrections restrains petitioner beyond the ten years required by his sentence. Under the facts as presented by respondent, therefore, the question remains whether the restraint is "authorized as a matter of law." *Id.*

Pursuant to the terms of petitioner's conditional release from Fulton State Hospital, he is ordered discharged to the custody of the Director of the Department of Mental Health.

All concur.