**Ronald DAVIS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 60290.

Missouri Court of Appeals,
Eastern District,
Division One.

March 24, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
April 22, 1992.

Application to Transfer Denied
June 2, 1992.

Ellen A. Blau, David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert Alan Kelly, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Movant, Ronald Davis, appeals an order of the Circuit Court of the City of St. Louis denying his Rule 24.035 motion without an evidentiary hearing. We affirm.

On November 1, 1989, movant was a prisoner in St. Mary's Honor Center, a division of the Missouri Department of Corrections, where he was serving time for numerous crimes including manslaughter, unlawful use of a weapon and escape from confinement. On that date, movant was temporarily permitted to go outside of the facility without being accompanied by a guard with the understanding he was required to return to St. Mary's by 11:30 that evening. Movant failed to return to the custody of the Department of Corrections until August 23, 1990—involuntarily and 295 days late.

On February 4, 1991, movant pled guilty to failure to return to confinement, RSMo § 575.220 (1986). Movant was sentenced to two additional years with this sentence to run consecutive to movant's prior convictions. During the plea, movant expressed concern regarding how the jail time he had served since August of 1990 would be credited. In the sentence order, the trial court ordered movant's jail time to be credited either on the previous sentences or on the new sentence but not on both.

On February 19, 1991, movant filed a *pro se* Rule 24.035 motion. An amended motion was filed on April 22, 1991. In the amended motion, movant contended that the trial court erred in failing to allow movant jail time on his new sentence. Movant stipulated that, since there was no factual contention to be decided, no evidentiary hearing was required. On April 23, 1991, the trial court entered its findings of fact and conclusions of law denying movant relief. This appeal followed.

Movant contends the trial court had no jurisdiction to authorize an alternative application of the jail time credit and that the jail time credit had to be applied to the sentence received for the movant's plea of guilty to the charge of failure to return. We disagree.

RSMo § 558.031 (1986) allows a person convicted of a crime jail time credit toward service of a sentence of imprisonment for all time spent while awaiting trial "for such crime" and while pending transfer after conviction. RSMo § 558.031.1 (1986). The purpose of this credit is to insure that an indigent accused awaiting trial does not serve a longer term than an accused able to meet parole, who can thereby avoid confinement before trial and sentence. *Hart v. State,* 588 S.W.2d 226, 227 (Mo.App., W.D.1979). Due to the "for such crime" language in the statute and the purpose the statute was enacted to serve, courts have held that jail time sought to be credited must bear some relation to the crime and sentence imposed. *Viers v. State,* 755 S.W.2d 617, 618 (Mo.App., W.D.1988). Thus, in *Viers,* the court held that a defendant paroled on a manslaughter charge, who subsequently violated his parole by driving while intoxicated, was not entitled to credit on his D.W.I. sentence for time spent in prison for violating his parole. *Viers,* 755 S.W.2d at 618; *See also Wilson v. State,* 812 S.W.2d 272, 273 (Mo.App., S.D.1991); *Scott v. State,* 770 S.W.2d 269, 272 (Mo.App., W.D.1989).[1]

The instant case falls within the rule laid down in the above cases. While movant would be entitled to jail time credit on his failure to return charge if he was incarcerated merely to await trial on that charge, he is not entitled to credit on the failure to return charge if his incarceration was for the purpose of fulfilling his sentences on his other numerous offenses. The trial court was not aware of whether movant was being held for one purpose or the other and, thus, awarded credit granted in the alternative.

It is movant's burden to prove allegations raised in his Rule 24.035 motion. Rule 24.035(h). Movant has nowhere proven the reason for which he was held prior to his pleading of guilty and being sentenced on the failure to return charge. As movant has failed to prove his allegation, we cannot find the motion court clearly erroneous.

Affirmed.

REINHARD, P.J., and CRANE, J., concur.

---

1. In *State ex rel. Singh,* 824 S.W.2d 911 (Mo. banc 1992), the Missouri Supreme Court held that RSMo § 552.050.2 (1986) permitted a prisoner to receive jail time credit for time spent in a State mental hospital due to a crime committed while the prisoner was away from the Kansas City Honor Center. *Singh,* at 913. We note that the terms and purpose of the statute involved in this case bears no resemblance to RSMo § 552.050.2 (1986) and *Singh* does not compel a similar result in this case.