Theresa **NYLON**, Appellant,

v.

**MISSOURI BOARD OF PROBATION AND PAROLE, et al.,**
Respondent.

No. WD 52917.

Missouri Court of Appeals,
Western District.

Feb. 4, 1997.

Theresa Nylon, Chillicothe, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cassandra K. Dolgin, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, C.J., P.J., and BERREY and SMART, JJ.

BERREY, Judge.

Theresa Nylon appeals *pro se* from the circuit court's denial of her petition for declaratory judgment. Appellant challenges the denial claiming that the application of the minimum prison term provisions under § 558.019.2[1] to her convictions violated due process in that her sentences were retroactively enhanced. More specifically, appellant contends that § 558.019.2 should not have been applied because at least one of the offenses was committed before the statute became effective. Appellant additionally claims that the application of the minimum prison term statute was inconsistent with her plea agreement since it was agreed that the sentences would run concurrently and that the sentences would not be enhanced. Affirmed.

Following plea negotiations, appellant pled guilty to nine charges, including four counts of forgery and one count each of stealing a credit device, stealing $150 or more, third offense stealing, escape from custody and attempted escape from custody. On December 18, 1995, she was sentenced to seven years imprisonment on each count to run

---

1. Unless otherwise indicated, all statutory references are to RSMo 1994.

concurrently. At some point after being sentenced, appellant allegedly received notification by the Board that her sentence had been enhanced pursuant to § 558.019 to eighty percent status and that the highest grade felony she was convicted of was a Class C felony. Appellant then filed a petition for declaratory judgment in Livingston County and it was transferred to the Cole County Circuit Court on May 31, 1996. The petition was denied on the ground that it failed to state facts supporting a cause of action upon which relief may be granted. This appeal followed.

■ We will affirm the decision of the circuit court in declaratory judgment cases unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *McDermott v. Carnahan*, 934 S.W.2d 285, 287 (Mo. banc 1996).

We note that we have examined appellant's *pro se* brief with care and have attempted to comprehend her arguments in order to render meaningful appellate review.

Section 558.019.2 provides in relevant part that:

any defendant who has pleaded guilty to or has been found guilty of a felony other than a dangerous felony as defined in section 556.061, RSMo, and is committed to the department of corrections shall be required to serve the following minimum prison terms:

(3) If the defendant has three or more previous remands to the department of corrections for felonies unrelated to the present offense, the minimum prison term which the defendant must serve shall be eighty percent of his sentence....

The term "minimum prison term" is defined by § 558.019.5 to mean the "time required to be served by the defendant before he is eligible for parole, conditional release or other early release by the department of corrections." Finally, § 558.019.7 provides that this section applies only to offenses occurring on or after August 28, 1994.

■ The federal and state constitutions both prohibit *ex post facto* laws. U.S. Const.

art. I, § 10, cl. 1; Mo. Const. art. I, § 13. The *ex post facto* clause applies to laws that are "retroactive and that either alter the definition of crimes or increase the punishment for criminal acts already committed." *State ex rel. Cavallaro v. Groose*, 908 S.W.2d 133, 136 (Mo. banc 1995) (citations omitted). It has been held that "parole eligibility is part of the punishment for a crime and retroactive changes in eligibility to the disadvantage of a defendant may, in some cases, violate the *ex post facto* clause." *State v. Lawhorn*, 762 S.W.2d 820, 826 (Mo. banc 1988) (citation omitted).

■ Of the nine offenses to which appellant pled guilty, eight of them occurred after the 1994 amendments to § 558.019 became effective. Therefore, the application of the statute to those eight convictions does not violate the constitutional prohibition against *ex post facto* laws. *See e.g., State v. Harper*, 855 S.W.2d 474, 479 (Mo.App.1993).

■ One offense, however, was committed prior to the statute's effective date so we must determine if, as appellant contends, the application of § 558.019 so enhanced appellant's sentence as to that offense that it constitutes an *ex post facto* violation. First, it is clear that the statute was applied retroactively since the offense occurred before the statute became effective. Appellant cannot obtain relief, however, unless she can establish that she was disadvantaged as well.

■ Under § 558.019, because appellant has accumulated three or more remands to the department of corrections, she would have to serve eighty percent of her sentence before becoming eligible for parole on the single conviction in question. However, we cannot determine from the record whether appellant has been disadvantaged because the record is inadequate. The absence from the record of the trial court's sentencing order and the alleged notice from the Board informing appellant of her parole eligibility makes our review nearly impossible. It is up to appellant to prepare and file a complete record on appeal. *State v. Foster*, 854 S.W.2d 1, 6 (Mo.App.1993). "This burden includes filing transcripts of any relevant ... proceedings." *Id.* It is within our discretion

to order supplementation or correction of the record on appeal, but we have no obligation to do so. *Casey v. State,* 769 S.W.2d 829, 832 (Mo.App.1989). Supplementation would not be helpful here because even if the record was complete and we determined that appellant's parole eligibility date for this single conviction would arrive more quickly, it still remains that appellant must serve at least eighty percent of her sentences on her other eight convictions.

Affirmed.

All concur.