**William B. BAILEY, Appellant,**

v.

**MISSOURI BOARD OF PROBATION AND PAROLE, Respondent.**

**No. WD 58825.**

Missouri Court of Appeals,
Western District.

Dec. 5, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 30, 2001.

William B. Bailey, Tipton, Appellant, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cassandra K. Dolgin, Asst. Atty. Gen., Jefferson City, for Respondent.

Before SPINDEN, C.J., and ULRICH and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

William B. Bailey appeals *pro se* from the circuit court's judgment dismissing his petition for declaratory judgment against the Missouri Board of Probation and Parole (Board) concerning his eligibility for parole on the eight-year prison sentence he was serving on a 1999 conviction in the Circuit Court of St. Clair County for the class C felony of receiving stolen property. In his declaratory judgment action, he sought a declaration that the Board could not apply § 558.019.2(2)[1] to require him to serve a minimum of 50% of his prison sentence before being eligible for parole, because it would be a constitutionally prohibited *ex post facto* application of the statute.

In his sole point on appeal, the appellant claims that the trial court erred in dismissing his petition for declaratory judgment because his petition alleged facts, which, if proven, would have entitled him to the declaratory relief he sought.

We affirm.

### Facts

The appellant was convicted in the Circuit Court of St. Clair County of the class C felony of receiving stolen property and was sentenced on June 2, 1999, to eight years in the Missouri Department of Corrections (DOC). In response to written inquiries to the Board by the appellant concerning his eligibility for parole on his sentence, the Board notified him in writing on September 14, 1999, and December 27, 1999, that, pursuant to § 558.019.2(2), he would be required to serve a minimum of 50% of his sentence before he would be eligible for parole in that he had two previous prison commitments to the DOC, one in March of 1993 and one in December of 1995.

On May 19, 2000, the appellant filed his *pro se* petition for declaratory judgment in the Circuit Court of Cole County, seeking a declaration that the Board was prohibited from applying § 558.019.2(2) to require him to serve 50% of his eight-year sentence before being eligible for parole, because such an application would violate the *ex post facto* clauses of the Constitutions of the United States and Missouri. On June 23, 1999, the trial court dismissed the appellant's petition for failure to state a claim upon which relief could be granted.

This appeal follows.

### Standard of Review

In determining whether the appellant's petition for declaratory judgment was sufficient to survive a motion to dismiss,

> this court not only deems the facts pleaded to be true, but it also construes the averments liberally, and draws all reasonable and fair inferences from the facts pleaded. 'If the allegations in the petition invoke principles of substantive law which, if proved, entitles [sic] the pleader to a declaration of rights or status, the pleading is sufficient and must not be dismissed.' The petition must, however, contain facts to support its allegations, and not merely conclusions. 'If the facts demonstrate any justiciable controversy, the trial court should declare the rights of the parties.'

*Roy v. Mo. Dept. of Corr.*, 23 S.W.3d 738, 742–43 (Mo.App.2000) (citations omitted).

### I.

In his sole point on appeal, the appellant claims that the trial court erred in dismissing his petition for declaratory judgment because in his petition he alleged facts, which, if proven, would have entitled him to the declaratory relief he sought. In his petition, the appellant sought a declaration that the Board was prohibited from applying § 558.019.2(2) to require him to serve a minimum of 50% of his eight-year prison sentence before being eligible for parole. Specifically, he alleged that the statute could not be applied because it violated the

---

1. All statutory references are to RSMo Supp. 1998, unless otherwise indicated.

*ex post facto* clauses of the United States and Missouri constitutions.

In response to the appellant's written inquiry to the Board concerning the minimum he would have to serve on his eight-year sentence before being eligible for parole, the Board advised him that he would have to serve 50% of his sentence. The Board's determination was based on the application of § 558.019.2(2) and the fact that the appellant had had two previous commitments to DOC. In this regard, § 558.019, governing the minimum time that an offender must serve of his or her prison sentence before he or she is eligible for parole, conditional release, or other early release by the DOC, provides, in pertinent part:

> 2. The provisions of this section shall be applicable to all classes of felonies except those set forth in chapter 195, RSMo, and those otherwise excluded in subsection 1 of this section. For the purposes of this section, 'prison commitment' means and is the receipt by the department of corrections of a defendant after sentencing ... Other provisions of the law to the contrary notwithstanding, any defendant who has pleaded guilty to or has been found guilty of a felony other than a dangerous felony as defined in section 556.061, RSMo, and is committed to the department of corrections shall be required to serve the following minimum prison terms:
>
> ....
>
> (2) If the defendant has two previous prison commitments to the department of corrections for felonies unrelated to the present offense, the minimum prison term which the defendant must serve shall be fifty percent of his sentence or until the defendant attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first;
>
> ....
>
> 7. The provisions of this section shall apply only to offenses occurring on or after August 28, 1994.

Although the appellant concedes that he had two previous commitments to the DOC, he argues that one was prior to August 28, 1994, such that, pursuant to § 558.019.7, it could not be used to require him to serve 50% of his sentence before being eligible for parole. Thus, although the appellant casts the claim of error raised in his sole point relied on in terms of a violation of the *ex post facto* clauses of the United States and Missouri constitutions, it is apparent that he is also claiming that § 558.019.7 would expressly prohibit the Board from using his 1993 prison commitment in determining his eligibility for parole. His claim cast in that light is without merit.

The primary object of statutory interpretation is to ascertain the intent of the legislature from the language used, and to give effect to that intent. In doing so we consider the words used in their plain and ordinary meaning. *Butler v. Mitchell–Hugeback, Inc.*, 895 S.W.2d 15, 19 (Mo.banc 1995). Giving the language of § 558.019.7 its plain and ordinary meaning, we find that the legislature intended for the minimum term provisions of § 558.019.2 to apply only to a sentence for a crime occurring on or after August 28, 1994, and on which the defendant is seeking parole. Contrary to the argument of the appellant, we do not read § 558.019.7 as being a limitation on the previous prison commitments that can be used to determine an offender's eligibility for parole.

Having determined that the Board would not violate § 558.019.7 in using the appellant's 1993 prison commitment in determining his eligibility for parole under § 558.019.2 on his eight-year sentence, we now turn to the issue of whether the application of § 558.019.2(2) would be a constitutionally prohibited *ex post facto* application of the law.

"The federal and state constitutions both prohibit *ex post facto* laws." *Nylon v. Mo. Bd. of Prob. & Parole*, 940 S.W.2d 3, 5 (Mo.App.1997). A constitu-

tionally prohibited *ex post facto* law " 'provides for punishment for an act that was not punishable when it was committed or that imposes an additional punishment to that in effect at the time the act was committed.' " *Cooper v. Gammon,* 943 S.W.2d 699, 706 (Mo.App.1997) (*quoting Cooper v. Mo. Bd. of Prob. & Parole,* 866 S.W.2d 135, 137–38 (Mo.*banc* 1993), *cert. denied,* 512 U.S. 1225, 114 S.Ct. 2718, 129 L.Ed.2d 843 (1994)); *see also State ex rel. Cavallaro v. Groose,* 908 S.W.2d 133, 136 (Mo.*banc* 1995); *Nylon,* 940 S.W.2d at 5. "It has been held that 'parole eligibility is part of the punishment for a crime and retroactive changes in eligibility to the disadvantage of a defendant may, in some cases, violate the *ex post facto* clause.' " *Nylon,* 940 S.W.2d at 5 (*quoting State v. Lawhorn,* 762 S.W.2d 820, 826 (Mo. *banc* 1988)). "Two elements are necessary for a law to be *ex post facto:* it must be retrospective, and it must disadvantage the affected offender." *Cooper,* 866 S.W.2d at 138 (citations omitted). The first element cannot be shown in the instant case.

In 1994, § 558.019 was amended to its present version requiring the service of minimum prison terms before being eligible for parole.[2] Hence, the appellant's conviction and sentence resulting in his 1993 prison commitment would have necessarily occurred prior to the effective date of the challenged minimum term provision of the statute. From this, the appellant argues that the application of § 558.019 by the Board in determining his eligibility for parole would be an *ex post facto* violation in that, after the fact, it would work to increase his punishment for the conviction resulting in the 1993 commitment. We disagree.

■ Based on our reading, the intent of the legislature in enacting the minimum term provisions of § 558.019.2 was not to increase or enhance the punishment received by a defendant for a prior conviction, but to increase or enhance the defendant's punishment for the present conviction by requiring him or her to serve a certain percentage of his or her sentence thereon before being eligible for parole. The logic of such an interpretation has previously been recognized by the Missouri Supreme Court in *State v. Acton,* 665 S.W.2d 618 (Mo. *banc* 1984), albeit with respect to statutes that enhance a sentence as opposed to statutes enhancing a defendant's parole eligibility requirements as to a sentence. In this regard, the *Acton* court stated, "Such statutes do not punish a defendant for his prior convictions; rather they punish him as a repeat offender for his latest offense on the basis of a demonstrated propensity for misconduct." 665 S.W.2d at 619; *see also State v. Harper,* 855 S.W.2d 474, 479 (Mo.App.1993).

■ Given the foregoing discussion, it is the enhancement of the appellant's punishment for the present offense that is our focus in determining whether the application by the Board of the minimum term provisions of § 558.019.2 in determining his eligibility for parole would be an *ex post facto* violation. In this regard, the record reflects that those provisions of § 558.019 were in effect *prior* to the appellant's present offense, and conviction and sentence thereon. "For the defendant to claim the prohibition of an *ex post facto* law, § 558.019 'must be retrospective, that is, it must apply to events occurring before its enactment.' " *Harper,* 855 S.W.2d at 479 (*quoting Weaver v. Graham,* 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17, 23 (1981)). Consequently, it would not be a retrospective application of § 558.019.2(2) for the Board to apply it in determining the appellant's eligibility for parole as to his present conviction and sentence such that it would amount to an *ex post facto* violation as he claims. *Id.; Nylon,* 940 S.W.2d at 5. Hence, it is clear on the face of the appellant's petition for

---

**2.** There was an amendment of the section in 1998, however, it merely substituted "prison commitment" for "remands" throughout the section and does not affect our analysis.

declaratory judgment that he was not entitled to the relief he sought based on an alleged *ex post facto* violation in applying § 558.019.2(2) such that the trial court did not err in dismissing his petition.

Point denied.

## Conclusion

The judgment of the trial court dismissing the appellant's petition for declaratory judgment for failure to state a claim upon which relief could be granted is affirmed.

SPINDEN, C.J., and ULRICH, J., concur.