Jeffery S. DAVISON, Appellant,

v.

MISSOURI DEPARTMENT OF CORRECTIONS, Respondent.

No. WD 63231.

Missouri Court of Appeals,
Western District.

Aug. 31, 2004.

Jeffery S. Davison, Moberly, pro se.

Andrew W. Hassell, Jefferson City, for Respondent.

Before VICTOR C. HOWARD, P.J., ROBERT G. ULRICH and PATRICIA A. BRECKENRIDGE, JJ.

ROBERT ULRICH, Judge.

Jeffery Davison appeals the summary judgment entered by the trial court in favor of the Missouri Department of Corrections in his declaratory judgment action seeking jail-time credit and a declaration that he could not be required to serve fifty percent of his sentence. The judgment of the trial court is affirmed.

## Facts

Mr. Davison was convicted in Nodaway County case no. CR892–10F of receiving stolen property and in Holt County case no. CR692–13FX of stealing. He was sentenced to four years imprisonment on each conviction and received by the Department of Corrections on February 9, 1993.

While on parole from those sentences, Mr. Davison was arrested and charged with stealing in Nodaway County case no. CR894–57F on January 29, 1994. He was convicted of the crime, sentenced to seven years imprisonment, and received by the Department of Corrections on October 14, 1994. The sentence in this case was to run consecutive to the sentences in Nodaway County case no. CR892–10F and Holt County case no. CR692–13FX. On March 3, 1998, Mr. Davison was released on parole.

While on parole from his sentence in Nodaway County case no. CR894–57F, Mr. Davison was arrested and charged with receiving stolen property in Nodaway County case no. CR899–110FX on March 1, 1999. He was convicted after a jury trial, sentenced, and received by the Department of Corrections on January 28, 2000. The convictions and sentences were reversed on appeal, and the case was remanded for a new trial. Mr. Davison then pleaded guilty to one count of receiving stolen property, was sentenced to seven years imprisonment, and was received by the Department of Corrections on April 9, 2002. The sentence in this case was to run consecutive to the sentence in Nodaway County case no. CR894–57F.

Mr. Davison filed this declaratory judgment action in February 2003 in Moniteau County Circuit Court. He sought jail-time credit for the period of January 29, 1994, to October 14, 1994, while he was incarcerated in the Nodaway County Jail awaiting trial in case no. CR894–57F and for the period of March 1, 1999, to April 9, 2002, while he was incarcerated in the Nodaway County Jail and the Department of Corrections awaiting trial in case no. CR899–110FX. Mr. Davison also sought a declaration that he did not have to serve fifty percent of his sentence in Nodaway County case no. CR899–110FX. The Missouri Department of Corrections filed an answer and a motion to transfer the case to Cole County Circuit Court. The case was transferred to Cole County Circuit Court in March 2003. Both parties then filed motions for summary judgment. The trial court granted the Missouri Department of Corrections' motion and denied Mr. Davison's. This appeal by Mr. Davison followed.

## Standard of Review

Appellate review of summary judgment is de novo. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is upheld on appeal where the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.* at 377. The record is reviewed in the light most favorable

to the party against whom judgment was entered, according that party all reasonable inferences that may be drawn from the record. *Id.* at 376. Facts contained in affidavits or otherwise in support of a party's motion are accepted as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.*

 Once the movant has established a right to judgment as a matter of law, the non-movant must demonstrate that one or more of the material facts asserted by the movant as not in dispute is, in fact, genuinely disputed. *Id.* at 381. The non-moving party may not rely on mere allegations and denials of the pleadings, but must use affidavits, depositions, answers to interrogatories, or admissions on file to demonstrate the existence of a genuine issue for trial. *Id.*

### Point One

 In point one, Mr. Davison claims that he is entitled to credit against his sentence in case no. CR894–57F for the period of January 29, 1994, to October 14, 1994, while he was incarcerated in the Nodaway County Jail awaiting trial in that case.

Section 558.031, RSMo 1994, is the statute applicable to the issue of whether Mr. Davison is entitled to credit against his sentence in case no. CR894–57F. *See State ex rel. Nixon v. Kelly,* 58 S.W.3d 513, 517–18 (Mo. banc 2001); *Belton v. Moore,* 112 S.W.3d 1, 2 n. 3 (Mo.App. W.D. 2003)(the applicable jail-time credit statute is the statute in effect at the time of the offense). It provides, in pertinent part:

1. A person convicted of a crime in this state shall receive as credit toward service of a sentence of imprisonment all time spent by him in prison or jail both while awaiting trial for such crime and while pending transfer after conviction

to the department of corrections or the place of confinement to which he was sentenced. Time required by law to be credited upon some other sentence shall be applied to that sentence alone, except that

(1) Time spent in jail or prison awaiting trial for an offense because of a detainer for such offense shall be credited toward service of a sentence of imprisonment for that offense even though the person was confined awaiting trial for some unrelated bailable offense; and

(2) Credit for jail or prison time shall be applied to each sentence if they are concurrent.

§ 558.031.1, RSMo 1994. Under this statute, if a defendant is convicted of a crime, he will receive credit toward his sentence for jail time served awaiting trial for the crime. *Mudloff v. Mo. Dep't of Corr.,* 53 S.W.3d 145, 149 (Mo.App. W.D.2001)(quoting *State ex rel. Lightfoot v. Schriro,* 927 S.W.2d 467, 470 (Mo.App. W.D.1996)). A defendant will not, however, receive credit for jail time served that has already been credited to some other sentence unless one of the exceptions applies. *Id.* (quoting *Lightfoot,* 927 S.W.2d at 470).

 The purpose of the credit in section 558.031, RSMo 1994, is to insure that an indigent accused awaiting trial does not serve a longer term than an accused able to meet parole, who can thereby avoid confinement before trial and sentence. *Davis v. State,* 829 S.W.2d 610, 611 (Mo. App. E.D.1992). Because of the purpose of the statute and the "for such crime" language in the statute, courts have held that jail time sought to be credited must bear some relation to the crime and sentence imposed. *Id.* (citing *Viers v. State,* 755 S.W.2d 617, 618 (Mo.App. W.D.1988)). Based on such holding, two courts have found that time served as a result of viola-

tion of parole on one conviction, and credited to the sentence on that conviction, could not also be credited to the sentence for the subsequent offense, which was consecutive to the first. *See Davis,* 829 S.W.2d at 611; *Viers,* 755 S.W.2d at 618.[1]

In this case, the undisputed facts reveal that while on parole from his sentences in Nodaway County case no. CR892–10F and Holt County case no. CR692–13FX, Mr. Davison was arrested and charged in Nodaway County case no. CR894–57F with stealing. He ultimately was convicted of the charge, and the trial court imposed a sentence of seven years imprisonment to run consecutively to his previous sentences. He spent the period from January 29, 1994, the day of his arrest, to October 14, 1994, the day he was returned to the Department of Corrections after his conviction, in the Nodaway County jail. The reason for Mr. Davison's incarceration in the Nodaway County jail for the time period in question was his violation of parole for his previous sentences. Because his incarceration was for the purpose of fulfilling his sentences on his previous convictions, Mr. Davison is not entitled to credit on the sentence in Nodaway County case no. CR894–57F under section 558.031.1, RSMo 1994.

Mr. Davison argues that the first exception of section 558.031.1, RSMo 1994, applies to require a credit against the sentence in Nodaway County case no. CR894–57F for time served between January 29 and October 14, 1994. Mr. Davison was not held in the Nodaway County jail for the time period in question "because of a detainer." Instead, as discussed above, Mr. Davison was incarcerated in the Nodaway County jail for violation of parole for his previous sentences. Section 558.031.1(1) does not apply in the case.

The material facts being undisputed and the Missouri Department of Corrections having shown it is entitled to judgment as a matter of law, the trial court properly entered summary judgment in favor of the Missouri Department of Corrections on this claim. Point one is denied.

### Point Two

■ In point two, Mr. Davison claims that he is entitled to credit against his sentence in case no. CR899–110FX for the period of March 1, 1999, to April 9, 2002, while he was incarcerated in the Nodaway County Jail and the Department of Corrections awaiting trial in that case.

The date of the offense in case no. CR899–110FX was March 1, 1999. Section 558.031, RSMo 2000, is, therefore, the statute applicable to the issue of whether Mr. Davison is entitled to credit against his sentence in that case. *See Nixon,* 58 S.W.3d at 517–18; *Belton,* 112 S.W.3d at 2 n. 3 (the applicable jail-time credit statute

---

1. *Compare Goings v. Missouri Department of Corrections,* 6 S.W.3d 906, 908 (Mo. banc 1999), where, in analyzing section 558.031.1, RSMo Cum.Supp.1998, which allows for credit for time spent in custody "after the offense occurred and before commencement of the sentence, when the time in custody was related to that offense," the Supreme Court found that time spend in custody following revocation of parole for prior offenses, but before sentencing for current offense, was "related to" sentence for current offense, and, thus, could be credited to the sentence for the current offense. The Supreme Court

also noted, however, that *Davis* and *Viers* were distinguishable from *Goings* because the new sentences in those cases were to run consecutively to the previous sentences and, thus, would not commence until the predecessor sentences were finished while the new sentence in *Goings* was to run concurrently to the previous sentence. *Goings,* 6 S.W.3d at 908 n. 4. In this case, the sentence in Nodaway County case no. CR894–57F is to run consecutive to the sentences in Nodaway County case no. CR892–10F and Holt County case no. CR692–13FX.

is the statute in effect at the time of the offense). It provides, in pertinent part:

1. A sentence of imprisonment shall commence when a person convicted of a crime in this state is received into the custody of the department of corrections or other place of confinement where the offender is sentenced. Such person shall receive credit toward the service of a sentence of imprisonment for all time in prison, jail or custody after the offense occurred and before the commencement of the sentence, when the time in custody was related to the offense, except:

(1) Such credit shall only be applied once when the sentences are consecutive;

(2) Such credit shall only be applied if the person convicted was in custody in the state of Missouri, unless such custody was compelled exclusively by the state of Missouri's action; and

(3) As provided in section 559.100, RSMo.

§ 558.031.1, RSMo 2000.

Citing *Goings v. Missouri Department of Corrections,* 6 S.W.3d 906 (Mo. banc 1999), Mr. Davison argues that he is entitled to jail time credit against the sentence in Nodaway County case no. CR899–110FX because the time in custody was "related to" that offense. He argues that if not for his arrest in case no. CR899–110FX, he would not have been in the custody of the county jail or the Department of Corrections.

In *Goings,* an inmate sought credit for time spent in custody following revocation of parole for prior offenses but before sentencing for the current offense. *Id.* at 907. In determining that the time the inmate spent in custody prior to receiving his sentence for the current offense was "related to" that sentence under section 558.031.1, RSMo 2000, the Missouri Su-

preme Court explained that it was the current charge that resulted in revocation of the inmate's parole on this earlier sentences and that his arrest on the current charge placed him in custody on that charge. *Id.* at 908. The Court also recognized that the inmate's incarceration was related to his earlier convictions but found that was not inconsistent with its conclusion that his custody was related to the current offense and, therefore, the statutory credit would apply to the current sentence. *Id.*

In this case, the undisputed facts reveal that Mr. Davison was arrested and charged in Nodaway County case no. CR899–110FX with receiving stolen property on March 1, 1999, while on parole from his sentence in Nodaway County case no. CR894–57F. He was convicted of the charge, and the trial court imposed a sentence of seven years imprisonment to run consecutively to his previous sentence. He spent the period from March 1, 1999, to April 9, 2002, in the Nodaway County jail and the Department of Corrections. While this case is similar to *Goings* in that Mr. Davison's incarceration was related to his earlier conviction in that his arrest and charge for receiving stolen property resulted in revocation of his parole on the sentence for stealing, it is distinguishable from *Goings* in one important aspect. Mr. Davison's sentence in Nodaway County case no. CR899–110FX was to run consecutively to his sentence in Nodaway County case no. CR894–57F, while in *Goings,* the inmate's current sentence was to be served concurrently to his earlier sentences. As discussed in footnote one above, the Supreme Court in *Goings* recognized that the decisions in *Davis* and *Viers,* in which time served as a result of violation of parole on one conviction, and credited to the sentence on that conviction, could not also be credited to the sentence for the subse-

quent offense, did not apply in that case because the sentence for the subsequent offense was to run consecutively to the sentence on the first offense. *Id.* at 908 n. 4. It reasoned that a consecutive sentence generally would not commence until its predecessor sentence was finished. Such is the case here. The record reveals that the start date of Mr. Davison's sentence was December 20, 2003, after the completion of his sentence in Nodaway County. Thus, Mr. Davison was not entitled to credit against his sentence in Nodaway County case no. CR899–110FX for time spent in custody from March 1, 1999, to April 9, 2002, as a result of violating his parole in case no. CR894–57F.

The Missouri Department of Corrections was entitled to judgment as a matter of law on the undisputed material facts.[2] The trial court properly granted summary judgment in its favor on this claim. Point two is denied.

### Point Three

■■ In his third and final point on appeal, Mr. Davison claims that he should not be required by section 558.019, RSMo Cum.Supp.1998, to serve fifty percent of his sentence in Nodaway County case no. CR899–110FX before being eligible for parole.

Section 558.019, RSMo Cum.Supp.1998, provides, in pertinent part:

2. The provisions of this section shall be applicable to all classes of felonies except those set forth in chapter 195, RSMo, and those otherwise excluded in subsection 1 of this section. For the purposes of this section, "prison commitment" means and is the receipt by the department of corrections of a defendant after sentencing. For purposes of this section, prior prison commitments to the department of corrections shall not include commitment to a regimented discipline program established pursuant to section 217.378, RSMo. Other provisions of the law to the contrary notwithstanding, any defendant who has pleaded guilty to or has been found guilty of a felony other than a dangerous felony as defined in section 556.061, RSMo, and is committed to the department of corrections shall be required to serve the following minimum prison terms:

\* \* \* \* \*

(2) If the defendant has two previous prison commitments to the department of corrections for felonies unrelated to the present offense, the minimum prison term which the defendant must serve shall be fifty percent of his sentence or until the defendant attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first;

\* \* \* \* \*

7. The provisions of this section shall apply only to offenses occurring on or after August 28, 1994.

---

**2.** In his argument portion of point two, Mr. Davison also argues that if it is determined that he is not entitled to jail time credit, then section 558.031, RSMo 2000, is unconstitutional. Mr. Davison's claim that the statute is unconstitutional has not been properly preserved. Constitutional issues must be raised at the first available opportunity or they are waived. *Lopez v. Three Rivers Elec. Co-op., Inc.,* 53 S.W.3d 117, 119 (Mo.App. E.D.1999). "An attack on the constitutionality of a statute is of such dignity and importance that the record touching such issues should be fully developed and not raised as an afterthought in a post-trial motion or on appeal." *Id.* (quoting *Land Clearance for Redevelopment Auth. v. Kan. Univ. Endowment Ass'n,* 805 S.W.2d 173, 176 (Mo. banc 1991)). Mr. Davison raises this claim for the first time on appeal; therefore, the issue is not preserved for appellate review.

Mr. Davison claims that under section 558.019.7, RSMo Cum.Supp.1998, offenses committed prior to August 28, 1994, may not be used to require a mandatory minimum prison term. Thus, he contends, the Department of Corrections may not use his commitment to the Department of Corrections in February 1993 based on an offense that occurred in December 1991 and his commitment to the Department of Corrections in October 1994 for an offense that occurred in January 1994 in determining his eligibility for parole. Finally, Mr. Davison argues that application of section 558.019.2(2), RSMo Cum.Supp.1998, to require him to serve fifty percent of his sentence in Nodaway County case no. CR899–110FX violates the *ex post facto* clause.

These precise claims were rejected in *Bailey v. Board of Probation and Parole,* 36 S.W.3d 13, 16–17 (Mo.App. W.D.2000). The petitioner in *Bailey* claimed that under section 558.019.7, RSMo Cum.Supp. 1998, a 1993 prison commitment could not be used to require him to serve a minimum term in prison. *Id.* at 16. This court found that the legislature intended for the minimum term provisions to apply only to a sentence for a crime occurring on or after August 28, 1994, and that subsection 7 of section 558.019 was not a limitation on the previous prison commitments that can be used to determine a defendant's eligibility for parole. *Id.* The court also determined that application of section 558.019.2(2) in determining parole eligibility was not an *ex post facto* violation because the statute operated to enhance the petitioner's punishment for the present offense not for prior convictions and the statute was in effect prior to the petitioner's present offense. *Id.* at 17.

As in *Bailey,* Mr. Davison's claims fail. Point three is denied.

The Department of Corrections was entitled to judgment as a matter of law on the undisputed facts. The trial court properly entered summary judgment in its favor. The judgment of the trial court is affirmed.

HOWARD, P.J., and
BRECKENRIDGE, J., concur.

