**Robert L. PRIESTER, Jr., Appellant,**

v.

**Missouri DEPARTMENT OF CORRECTIONS, Respondent.**

**No. WD 62236.**

Missouri Court of Appeals, Western District.

Aug. 26, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 30, 2003.

Application for Transfer Denied Nov. 25, 2003.

Robert Priester, Moberly, pro se.

Jeremiah W. (Jay) Nixon, Atty Gen., Michael J. Spillane, Office of Attorney General, Jefferson City, for Respondent.

PAUL M. SPINDEN, Presiding Judge.

Robert L. Priester, Jr., appeals the circuit court's granting summary judgment for the Department of Corrections in a declaratory judgement action in which Priester sought jail-time credit under § 558.031, RSMo 2000. We affirm the circuit court's judgment.

On March 20, 1996, the circuit court convicted Priester of unlawful use of a weapon but suspended imposition of sentence and placed Priester on probation. On January 6, 1998, while Priester was on probation, police detained him in St. Louis County to investigate a murder.

While police detained Priester, the circuit court issued a probation violation warrant, and police served it to him. The probation violation report listed two possible grounds for the violation: violating his probation by committing the murder and by having a handgun in his possession. The report recommended to the circuit court that it revoke Priester's probation for possessing a handgun and noted that a "supplemental violation report [would] be submitted as soon as [the probation officer] receive[d] a copy of the police report [on the murder charge]."

The violation for possessing a handgun was based on statements by the murder victim's two children and by Priester's daughter. They had told police that they saw Priester with a silver revolver on January 2 and 4, 1998. Although this probation violation did not occur on the day of the murder, a police investigation of the

murder is what led police to these witnesses. Authorities issued a separate warrant for Priester's arrest on the murder charge on January 22, 1998. On the same day, authorities asked the circuit court to suspend Priester's probation until a probation revocation hearing could be held "based on the new charges issued January 22, 1998, for murder in the second degree and armed criminal action."

Priester requested a preliminary hearing on the alleged probation violations, and a preliminary hearing officer convened a hearing on February 2, 1998. The preliminary hearing officer found that probable cause existed to find that Priester had committed the charged murder and that he had possessed a weapon. The hearing officer recommended that the circuit court revoke Priester's probation.

On April 21, 1998, the circuit court revoked Priester's probation on the ground that he had unlawfully possessed a weapon and sentenced him to five years in prison for the unlawful use of a weapon offense. The circuit court did not revoke Priester's probation based on the pending murder charge.

Priester began serving the sentence on April 23, 1998. On September 6, 1999, authorities paroled Priester to Franklin County authorities to dispose of charges pending against him. On March 7, 2000, Priester pleaded guilty to second-degree murder and armed criminal action, and the circuit court sentenced him to 15 years on each charge to be served concurrently. Priester returned to prison on March 10, 2000.

On June 25, 2002, Priester filed a declaratory judgment action with the circuit court seeking credit toward his 15–year sentences for murder and armed criminal action for the one year and 4½ months that he had served on the unlawful use of a weapon conviction after revocation of his probation.[1] He claimed that the probation revocation was "related to" his conviction for murder and armed criminal action and, therefore, according to § 558.031, that entitled him to credit for that time. The circuit court disagreed and granted summary judgment for the Department of Corrections. Priester appeals.

When we review a summary judgment, we consider the evidence in the record in the light most favorable to the party against whom the circuit court ruled. We endeavor to do this by accepting only inferences in the evidence that favor the party against whom the circuit court ruled. *ITT Commercial Finance Corporation v. Mid–America Marine Supply Corporation*, 854 S.W.2d 371, 376 (Mo. banc 1993). Before a circuit court can enter summary judgment, it must determine that the parties are not disputing any genuine issue of material fact and that the party seeking summary judgment is entitled to a judgment as a matter of law. *Id.* at 377; Rule 74.04.

Priester wrongly argues that his confinement resulting from revocation of his probation "related to" his subsequent conviction and sentence for murder and armed criminal action. Section 558.031.1 says:

A sentence of imprisonment shall commence when a person convicted of a crime in this state is received into the custody of the department of corrections or other place of confinement where the offender is sentenced. Such person

---

1. Priester seeks jail time credit only from April 23, 1998, when he was delivered to the Department of Corrections on the unlawful use of a weapon offense, to September 6, 1999, when authorities paroled Priester to Franklin County authorities to dispose of the murder and armed criminal action charges.

shall receive credit toward the service of a sentence of imprisonment for all time in prison, jail or custody after the offense occurred and before the commencement of the sentence, when the time in custody was related to that offense[.]

Priester did not spend time in custody on an offense related to murder and armed criminal action, as required by § 558.031.1.

The circuit court revoked Priester's probation solely because of Priester's possessing a weapon, not because he was convicted of murder and armed criminal action. The probation revocation was independent of, and would have occurred whether or not Priester committed, the murder and armed criminal action offenses. That authorities learned of his possessing a weapon while investigating the murder makes no difference. Section 558.031.1 requires only that *custody* be related to the offense on which credit is sought. "It is not the relationship of the specific facts underlying two convictions ... that is determinative of jail-time credit for purposes of section 558.031. Under section 558.031, it is to 'the time in custody' that the second conviction must be related." *State ex rel. Nixon v. Kelly*, 58 S.W.3d 513, 518–19 (Mo. banc 2001). Had Priester not been arrested, tried, and convicted of murder and armed criminal action, he would have been in custody because of the probation violation for possessing a weapon. *Id.* at 519. Clearly, the murder charge did not result in the revocation of Priester's probation on his earlier sentence for unlawful use of a weapon. *Cf. Goings v. Missouri Department of Corrections*, 6 S.W.3d 906 (Mo. banc 1999) (defendant awarded jail-time credit on a stealing sentence for time spent serving an earlier sentence when the stealing offense was the reason his parole was revoked on the earlier sentence).

Priester argues that denying him credit for the time in custody on the unlawful use of a weapon charge merely because the circuit court chose to revoke his probation based on his possession of a weapon rather than the murder and armed criminal action offenses is contrary to the General Assembly's intent in § 558.031. He asserts that the state "attempts to use a probation revocation as a form of a 'light switch' to turn 'on and off' [his] entitlement to the time sought." We disagree.

In revoking Priester's probation, the circuit court had before it a ground for revocation that was independent of the murder and armed criminal action. As previously stated, Priester's custody after the revocation was because of the possession of a weapon violation and not because of Priester's committing the murder. We need not concern ourselves with "the relationship of the specific facts" underlying the offenses. *Kelly*, 58 S.W.3d at 518. We need determine only whether or not the "time in custody" was related to the murder and armed criminal action. Having determined that it was not, we discern no violation of legislative intent.

We affirm the circuit court's granting summary judgment for the department and denying Priester's request for jail-time credit.

THOMAS H. NEWTON, Judge, and RONALD R. HOLLIGER, Judge, concur.