

# In the
# Missouri Court of Appeals
## Western District

|   |   |   |
|---|---|---|
| IN RE ANDREW J. KORY, | ) | |
| | ) | **WD79273** |
| Petitioner, | ) | |
| | ) | **OPINION FILED:** |
| v. | ) | **January 5, 2016** |
| | ) | |
| BOB GRAY, Jail Administrator, | ) | |
| Daviess/Dekalb Regional Jail, | ) | |
| | ) | |
| Respondent. | ) | |

## ORIGINAL WRIT OF HABEAS CORPUS

Before Writ Division:  Gary D. Witt, Presiding Judge, James Edward Welsh, Judge and
Cynthia L. Martin, Judge

Andrew Kory ("Kory") filed a Petition for Writ of Habeas Corpus in this court alleging that he is being confined in the Daviess/DeKalb Regional Jail by Bob Gray, the Jail Administrator ("Respondent") in restraint of his liberty.  We agree and issue our writ of habeas corpus.

## Factual and Procedural Background

Kory was originally incarcerated in the Daviess/DeKalb Regional Jail on July 2, 2014, after being charged in 2014 ("2014 Information") with rape concerning an incident

with a minor victim alleged to have occurred on October 31, 2013 ("Incident"). The State dismissed the 2014 Information on August 11, 2015, but refiled a new Complaint the same day ("2015 Complaint") charging Kory with felony rape, felony statutory rape, and felony endangering the welfare of a child based on the same Incident.

On December 16, 2015, the State dismissed the 2015 Complaint and filed an Amended Information, alleging that Kory committed the Class A Misdemeanor of sexual abuse stemming from the same Incident.

On the same date, Kory pleaded guilty to the misdemeanor charge and was sentenced to one year in the county jail. As of December 16, 2015, Kory had already been confined for 532 days pursuant to the 2014 Information and the 2015 Complaint. Following his guilty plea, Kory was returned to Daviess/DeKalb Regional Jail, where he received a commitment order that varied from the commitment order he was provided at the plea hearing. The revised commitment order contained a hand written note stating that the circuit court was denying him credit for time served while being held on the 2014 Information, and was intending his one year jail sentence to run from August 11, 2015 to August 11, 2016.

Kory filed a Petition for Writ of Habeas Corpus in this court on December 22, 2015 ("Petition") alleging that his continued confinement was an unlawful restraint because he should have been afforded credit against his one year sentence for the 532 days he had already been confined. This court entered its Order to Show Cause on December 22, 2015.

## Analysis

Rule 91.01(b) provides that "[a]ny person restrained of liberty within this state may petition for a writ of habeas corpus to inquire into the cause of such restraint." Kory's Petition establishes that he is entitled to habeas relief.

As a preliminary matter, we observe that Kory did not first file his Petition in the circuit court in the circuit where he is confined. Rule 91.02(a) provides that a petition seeking a writ of habeas corpus shall be filed in the first instance in the circuit court in the circuit where the petitioner is confined, unless good cause is shown to first file the petition in a higher court. Kory argues that it would have been futile to first file his Petition in the circuit court in the county where he is confined, as it is the act of that court in ordering that he receive no credit for time served prior to August 11, 2015 which has led to his unlawful restraint. We agree, and find that good cause to first file the Petition in this court has been established pursuant to Rule 91.02(a).

Kory has been continuously incarcerated since July 2, 2014 in connection with the Incident. He entered a guilty plea to the Class A Misdemeanor of sexual abuse on December 16, 2015. His imposed sentence was one year confinement in the Daviess/DeKalb Regional Jail. At the time of his guilty plea and sentence, Kory had already been confined for 532 days in the Daviess/DeKalb Regional Jail. Kory's confinement was exclusively related to the Incident, though over the course of time, the State had charged, dismissed, and refiled charges relating to the Incident on three different occasions.

3

Missouri law provides that a sentence imposed:

> shall commence when a person convicted of a crime in this state is received into the custody of the department of corrections or other place of confinement where the offender is sentenced. Such person shall receive credit toward the service of a sentence of imprisonment for all time in prison, jail or custody after the offense occurred and before the commencement of the sentence, when the time in custody was related to that offense . . .

Section 558.031.1.[1] Section 558.031.1 is not limited to felony convictions or to confinement in the department of corrections. Rather, by its plain terms, section 558.031.1 applies to any confinement following any conviction of any crime. Kory is thus entitled to jail credit toward the service of his sentence if his 532 days in custody were related to the offense of which he was convicted and sentenced.

"Time in custody is generally 'related to' a sentence, and thus eligible for credit . . . if the inmate could have been free from custody absent the charge." *Pettis v. Missouri Dept. of Corrections*, 275 S.W.3d 313, 317 (Mo. App. W.D. 2008) (citing *Mikel v. McGuire*, 264 S.W.3d 689, 691-92 (Mo. App. W.D. 2008)). Here, Kory would have been free from custody absent the charges in the 2014 Information. The 2014 Information was dismissed and replaced by the 2015 Complaint. Kory would have been free from custody absent the charges in the 2015 Complaint. The 2015 Complaint was dismissed and replaced by the December 16, 2015 Amended Information, on which date Kory pled guilty to a reduced, amended charge. The successive amended charging documents filed by a single prosecuting entity based on the same nucleus of facts resulted in "time in custody" that was related to the offense of which Kory was ultimately convicted. Stated

---

[1]All statutory references are to RSMo 2000 as supplemented, except as otherwise noted.

4

another way, absent Kory's arrest on July 2, 2014, and later conviction on December 16, 2015 of a reduced, amended charge, Kory would not have been in custody. Kory is thus entitled to jail time credit against his sentence for the 532 days he was confined from July 2, 2014 to the date of his guilty plea and sentence. Because that credit exceeds his one year sentence, Kory is now being restrained of his liberty without legal authorization. The directive by the sentencing court to the Respondent on the revised commitment order which sought to limit the credit afforded Kory to time served from and after August 11, 2015, is without legal authority.

## Conclusion

There being no legal cause for Kory's continued restraint, Kory's request for a writ of habeas corpus is granted.[2] Kory is ordered immediately released from custody.

Cynthia L. Martin
_____
Cynthia L. Martin, Judge

All concur

---

[2]On December 31, 2015, this court issued its order granting Kory's request for a writ of habeas corpus, noting that an opinion would follow. *See* Rules 84.24(a), 84.24(e), 84.24(j), 84.24(l), 91.01(a), 91.18.

5