**James Joseph HAMILTON, Appellant,**

v.

**STATE of Missouri, et al., Respondent.**

**No. WD 75773.**

Missouri Court of Appeals,
Western District.

Aug. 13, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 1, 2013.

Application for Transfer Denied
Nov. 26, 2013.

James Hamilton, Bonne Terre, MO, Appellant Acting Pro Se.

Jase Carter, Jefferson City, MO, for Respondent.

Before Division One VICTOR C. HOWARD, P.J., JOSEPH M. ELLIS, and ANTHONY REX GABBERT, JJ.

ANTHONY REX GABBERT, Judge.

James Joseph Hamilton appeals the dismissal of his petition for declaratory judgment which sought to challenge for the second time the circuit court's judgment on his motion for post-conviction DNA testing. Hamilton raises three points on appeal. First, he contends that the court erred in dismissing his "Petition for Declaratory Judgment and Injunctive Relief" because the court failed to enter findings of fact and conclusions of law on his post-conviction motion for DNA testing pursuant to Section 547.035.8, RSMo Cum.Supp. 2012. Second, Hamilton contends that the court erred in dismissing his petition for declaratory judgment because Hamilton was given inadequate time to reply to the State's motion to dismiss Hamilton's petition. Third, Hamilton argues that the court erred in dismissing his petition for declaratory judgment because the court made its dismissal of Hamilton's petition final without first giving due consideration to his requests for reconsideration and leave to amend. We affirm.

On August 16,1995, Hamilton was convicted after a trial by jury of forcible rape, forcible sodomy, kidnapping, armed criminal action, first degree robbery, two counts of sexual abuse, first degree assault, and second degree assault. He was sentenced

as a prior offender to a total of 447 years of incarceration, all to be served consecutively.

On February 15, 2006, Hamilton filed a post-conviction motion for comparison DNA testing pursuant to Section 547.035. On January 23, 2008, the circuit court issued an order jointly denying the motion for DNA testing as well as a separate "Motion for Release from Sentence." The order included approximately two pages of "Statement of Facts" and approximately three pages of "Discussion" which included the court's application of the law to the facts. Hamilton appealed the court's judgment denying his post-conviction motion for DNA testing and release of sentence pursuant to Section 547.035. This court affirmed the circuit court's judgment. *State v. Hamilton,* 311 S.W.3d 258 (Mo. App.2009).

On January 4, 2012, Hamilton filed a petition for declaratory judgment and injunctive relief with the circuit court alleging that the circuit court's January 23, 2008 order denying the motion for DNA testing failed to include findings of fact or conclusions of law as mandated by Section 547.035.8. The State moved to dismiss on the grounds that Hamilton's petition for declaratory judgment was an improper attempt to re-litigate a matter already appealed and, therefore, Hamilton failed to state a claim upon which relief could be granted. The court granted the State's motion to dismiss and Hamilton appeals.

 "In reviewing the dismissal of a declaratory judgment action for failure to state a claim, this court deems all well-pleaded facts to be true and determines whether they invoke principles of substantive law that would entitle the petitioner to relief." *Miller v. Dept. of Corrections,* 338 S.W.3d 400, 403 (Mo.App.2011) (internal citation and quotation omitted). We will affirm the circuit court's judgment under any reasonable theory supported by the evidence. *Id.* Our review is *de novo.* *Lynch v. Lynch,* 260 S.W.3d 834, 836 (Mo. banc 2008).

In Hamilton's first point on appeal, he argues that the court erred in dismissing his petition for declaratory judgment because the court failed to enter findings of fact and conclusions of law on his post-conviction motion for DNA testing pursuant to Section 547.035.8. We find no error.

 Declaratory judgment is only proper where there is an inadequate remedy at law. *Schaefer v. Koster,* 342 S.W.3d 299, 300 (Mo. banc 2011); § 527.010, RSMo 2000. Hamilton exercised his legal remedy with regard to his present claims in his initial appeal of the circuit court's January 23, 2008 order denying his post-conviction motion for DNA testing. Any claim Hamilton had with regard to the inadequacies of that order should have been addressed in that appeal. Our review of that appeal indicates that Hamilton's present claims were, in fact, addressed in that appeal. In his second, third, fourth, and eighth points on appeal, Hamilton alleged that the circuit court failed to make specific findings pertaining to allegations in his motion.

Even if Hamilton were to contend that the claims in his prior appeal were somehow different than his present, when this court reviewed Hamilton's first appeal we were required to review the denial of his motion to determine whether the court's findings of fact and conclusions of law were clearly erroneous. *State v. Ruff,* 256 S.W.3d 55, 56 (Mo. banc 2008). Moreover, the record supports that this court found the findings and conclusions more than sufficient. In this court's unpublished memorandum addressing Hamilton's claims we stated: "Because the motion

court's ruling aptly sets forth relevant facts and conclusions of law, we quote extensively from it." Thereafter, we proceeded to quote extensively from the circuit court's findings of fact and conclusions of law.

■ "Generally, the validity of a judgment can only be attacked by direct appeal, not by collateral attack." *Reid v. Steelman*, 210 S.W.3d 273, 282 (Mo.App. 2006). Hamilton's attempt to attack the court's order via a petition for declaratory judgment, after already being heard on appeal, constitutes an impermissible collateral attack on the judgment. *See Barry, Inc. v. Falk*, 217 S.W.3d 317, 321 (Mo.App. 2007). Hamilton's petition for declaratory judgment contained no claims that would allow him to circumvent this rule of law. Therefore, the circuit court did not err in dismissing Hamilton's petition.[1] Point one is denied.

In Hamilton's second point on appeal, he contends that the court erred in dismissing his petition for declaratory judgment because he was given inadequate time to reply to the State's motion to dismiss. In his third point on appeal, Hamilton contends that the court erred by making its dismissal of his petition final without first giving due consideration to his requests for reconsideration and leave to amend.

■ As Hamilton's petition for declaratory judgment contained claims that Hamilton already litigated on appeal and/or had the opportunity to litigate on appeal, he failed to state claims upon which relief could be granted. Therefore, we need not dissect time allowances or what the court may or may not have given due consider-

ation as the court was justified in summarily dismissing Hamilton's petition. Points two and three are denied.

We conclude, therefore, that the circuit court did not err in dismissing Hamilton's petition for declaratory judgment wherein Hamilton claimed that the circuit court failed to issue findings of fact and conclusions of law pursuant to Section 547.035.8. Hamilton already litigated, or had the opportunity to litigate, on appeal the claims alleged in his petition, and the court was justified in summarily dismissing Hamilton's petition on those grounds. We affirm the circuit court's judgment.

All concur.

---

1. We note that "[a] court may not grant a motion to dismiss for failure to state a claim based on a conclusion that the plaintiff is not entitled to relief on the merits of that claim." *Chochorowski v. Home Depot U.S.A., Inc.*, 295 S.W.3d 194, 198 (Mo.App.2009). The court did not do so here and dismissed Hamilton's petition as failing to state a claim upon which relief could be granted because the stated claims had already been litigated and were, therefore, a collateral attack on the judgment.